AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means     ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of  )
*(Briefly describe the property to be searched or identify the person by name and address)*  )
)  Case No. 4:21sw3
A 2004 Volkswagen Golf Vehicle, NC Plate ▮▮▮▮  )
Cellular Phone in Possession of Rober Keith Packer  )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Eastern__ District of __Virginia__
*(identify the person or describe the property to be searched and give its location)*:

See Affidavit and Attachment A, fully incorporated by reference herein

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Affidavit and Attachment B, fully incorporated by reference herein

**YOU ARE COMMANDED** to execute this warrant on or before __January 26, 2021__ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Hon. Douglas E. Miller__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 01/12/2021 4:00 pm            *Judge's signature*   Douglas E. Miller
                                                                          2021.01.12 15:26:22 -05'00'

City and state: Newport News, Virginia              Hon. Douglas E. Miller, United States Magistrate Judge
                                                    *Printed name and title*

GOVERNMENT EXHIBIT 1

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 4:21SW3 | 1-13-2021 @ 6:19 AM | ████████████ |

Inventory made in the presence of:
SA STACEY SULLIVAN

Inventory of the property taken and name(s) of any person(s) seized:

SEE ATTACHED.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 1-27-2021

_____
Executing officer's signature

SPECIAL AGENT DESIRAE MALDONADO
Printed name and title

597 (Rev 8-11-94)

Page _____ of _____

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # _____

On (date) __January 13, 2021__

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) _____
(Street Address) _____
(City) _____

Description of Item(s): (2) receipts dated 1/5/2021; blue Motorola FCC ID _____, iphone in Otter Box case with cracked screen; Kingston 4G thumbdrive; brown plant material; Notes; MacBook and charger; Hate Crime and Racist Rap paperwork; black iphone with cord; white iphone damaged; black iphone damaged; Mophie charger; black iphone damaged with mud; box of Ramset .22 cal with (82) rounds; property documents: car title, mortgage statement and bank statement; Swastika artwork; daily planner; Folder titled "Whites Only Material"; Verizon router and shipping label; Race Evolution and Behavior Book; (2) Black Toshiba Laptops; image of Hitler; cardboard with stencils; German eagle with Swastika and "colored" placard; two VCR tapes with Hitler photos

SAS 1/13/2021

## ATTACHMENT A

## ITEMS/LOCATIONS TO BE SEARCHED

1. **The SUBJECT PREMISES:** The premises to be searched is the property located at ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which is further described as a one story brick family home.



2. **The SUBJECT VEHICLE:** The vehicle to be searched is a blue Volkswagen Golf with NC license plate ▇▇▇▇▇



3. **THE SUBJECT PHONE:** The phone to be searched is a cellular telephone in the possession of PACKER.

10

## ATTACHMENT B

## ITEMS TO BE SEIZED

The items to be seized are fruits, evidence, or instrumentalities of and relating to violations of 18 U.S.C. § 1752(a), Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; 40 U.S.C. §5104(e)(2), Violent Entry and Disorderly Conduct on Capitol Grounds, including:

1. Records and information that constitute evidence of identity, including but not limited to:
    a. Clothing worn by Packer, to include the "Camp Auschwitz" sweatshirt Packer wore on January 6, 2021, at the U.S. Capitol;
    b. Any other evidence of Nazi symbolism, including literature, pamphlets, clothing, patches, flags, banners, hats, stickers, posters, and other paraphernalia;
    c. Indicia of occupancy and ownership, including bank statements, utilities bills, vehicle registration and vehicle insurance documents.
2. Records and information—including but not limited to documents, communications, emails, online postings, photographs, videos, calendars, itineraries, receipts, and financial statements—relating to:
    a. Packer's motive and intent for traveling to Washington, DC, on or about January 6, 2021;
    b. Packer's plans for travel to and activity in Washington, DC, on or about January 6, 2021;
    c. Packer's mode of travel, travel expenses, and travel logistics on or about January 6, 2021;
    d. Packer's activities in and around Washington, DC on or about January 6, 2021;
3. Records and information that constitute evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with Packer about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.
4. Property or records from the U.S. Capitol.
5. Computers and/or electronic storage media including all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, laptops, mobile phones, tablets, servers, and network hardware, such as wireless routers. A "storage medium" for purpose of the requested warrant is any physical object upon which computer data can be recorded. Examples include, but are not limited to, external hard drives, CDs, DVDs and flash drives.
6. For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)":
    a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

b. evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
c. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;
d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);
e. evidence of the times the Device(s) was used;
f. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);
g. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);
h. records of or information about Internet Protocol addresses used by the Device(s);
i. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.